WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lyn McCutcheon, | No. CV-15-00512-PHX-PGR (ESW) |
| Petitioner, | **ORDER** |
| v. | |
| Arizona, State of, et al., | |
| Respondents. | |

Petitioner Terry Lyn McCutcheon, who is confined in the MacDougall Correctional Institution in Connecticut, filed a pro se Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 6). The Court ordered Respondents to answer. (Doc. 7). Respondents filed their Limited Answer to Petition for Writ of Habeas Corpus on November 5, 2015. (Doc. 14). Pending before the Court are Petitioner's Motion for Appointment of Counsel (Doc. 17) and "Motion for Extension of Time to File Reply to Respondent's Response to Order to Show Cause" (Doc. 18). The Court will deny Petitioner's Motion for Appointment of Counsel and grant Petitioner an extension of time to reply to Respondents' Limited Answer.

## DISCUSSION

**1. Motion to Appoint Counsel (Doc. 17)**

Petitioner requests that the Court appoint him counsel because (i) the case involves complex issues, (ii) Petitioner has no knowledge of the law, (iii) Petitioner is incarcerated

in Connecticut with no access to Arizona law, and (iv) "[i]t would benefit the Court as well as Petitioner logistically" due to the geographical distance between Petitioner and the Court. (Doc. 17 at 2).

"Indigent state prisoners applying for habeas corpus relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  However, the Court has discretion to appoint counsel when "the interests of justice so require."  18 U.S.C. § 3006A (a) (2) (B).  "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved."  *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam) (citations omitted).  "Neither of these considerations is dispositive and instead must be viewed together."  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Having considered both elements, Petitioner has not shown that the interests of justice require the appointment of counsel in this case.  Petitioner has not demonstrated a likelihood of success on the merits, nor has he shown that he is experiencing difficulty in litigating this case because of the complexity of the issues involved.  Petitioner's filings with the Court, as well as the instant motions, indicate that Petitioner remains quite capable of navigating his proceedings and presenting cogent arguments to the Court.  Petitioner is in a position no different than many pro se prisoner litigants.  Should the Court determine that an evidentiary hearing in this matter is required or counsel is necessary for the effective utilization of discovery procedures, counsel may be appointed.  *See* Rules 6(a) and 8(c), 28 U.S.C. foll. § 2254.  Accordingly, Petitioner's Motion to Appoint Counsel will be denied.

**2.  "Petitioner's Motion for Extension of Time to File Reply to Respondent's Response to Order to Show Cause" (Doc. 18)**

Petitioner seeks a ninety day extension of time to reply to Respondents' Limited Answer because (i) he is awaiting the results of a prostate biopsy procedure performed on December 2, 2015, (ii) he has limited access to one typewriter shared among 120 prisoners, and (iii) access to the law library has been cancelled five consecutive weeks for his cellblock.  Petitioner's reply was due by December 7, 2015.

Based on the information provided, the Court finds good cause to grant Petitioner's request.

### CONCLUSION

For the reasons set forth herein,

**IT IS ORDERED** denying Petitioner's Motion to Appoint Counsel. (Doc. 17).

**IT IS FURTHER ORDERED** granting "Petitioner's Motion for Extension of Time to File Reply to Respondent's Response to Order to Show Cause."  (Doc. 18). Petitioner shall file a reply no later than **March 7, 2016**.

Dated this 22nd day of January, 2016.

_____
Eileen S. Willett
United States Magistrate Judge