**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Lyn McCutcheon,<br><br>        Petitioner,<br><br>vs.<br><br>State of Arizona, et al.,<br><br>        Respondents. | No. CV-15-00512-PHX-PGR (ESW)<br><br>ORDER |

Having reviewed *de novo* the Report and Recommendation of Magistrate Judge Willett in light of the petitioner's Objection to Magistrate[']s Report and Recommendation (Doc. 22), the Court finds that the petitioner's objections should be overruled because the Magistrate Judge correctly concluded that the petitioner's amended habeas petition, filed pursuant to 28 U.S.C. § 2254, should be dismissed with prejudice as time-barred.

The petitioner was sentenced on January 14, 1987, upon retrial, in part to multiple concurrent terms of life without possibility of release for 25 years after having been convicted of 17 counts of armed burglary, armed robbery, and kidnapping that he committed on May 1, 1984. The petitioner's sentences were enhanced because the state court found that the crimes had been committed while

he was on parole. The Arizona Supreme Court affirmed the petitioner's convictions and sentences on September 15, 1988. The petitioner did not file his first state court petition for post-conviction relief until November 16, 2011, and the Arizona Supreme Court summarily denied review of the denial of his PCR on April 22, 2014. The petitioner did not file his § 2254 petition until March 20, 2015. All five grounds raised in the amended § 2254 petition arise from the petitioner's claim that he was illegally sentenced by the state court because his parole had expired prior to the date he committed the offenses underlying his convictions.

The Court agrees with the Magistrate Judge that under the AEDPA, the one-year limitations period for all five grounds commenced on April 25, 1996, the day after the effective date of the AEDPA, and the limitations period for all of them ended on April 24, 1997, the result of which is that the petitioner's habeas petition was filed some 18 years late.[1]

The Court also agrees with the Magistrate Judge that the petitioner's reliance on 28 U.S. § 2244(d)(1)(D) is insufficient to invoke statutory tolling because the factual predicates for all of the five grounds could have been discovered by the petitioner through the exercise of due diligence years before April 24, 1997.

The Court further agrees with the Magistrate Judge that the petitioner has failed to establish that the limitations period should be equitable tolled because he

---

[1] The Court agrees with the Magistrate Judge that even if the Court were to accept the proposition that an actual innocence exception extends to time-barred habeas claims challenging noncapital sentencing errors, an issue which neither the Supreme Court nor the Ninth Circuit has decided, the petitioner's actual innocence claim in Ground Five would be meritless because the petitioner is not claiming that he is factually innocent of the offenses for which he was convicted, but only that his sentences were legally insufficient due to his claim that he was not on parole at the time he committed the offenses.

has not shown that extraordinary circumstances made it impossible for him to have filed a timely federal habeas petition. Therefore,

IT IS ORDERED that the Magistrate Judge's Report and Recommendation (Doc. 21) is accepted and adopted by the Court.

IT IS FURTHER ORDERED that the petitioner's [Amended] Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 6) is denied and that this action is dismissed with prejudice.

IT IS FURTHER ORDERED that a Certificate of Appealability shall not issue and that leave to appeal *in forma pauperis* is denied because the dismissal of the petitioner's § 2254 petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable.

IT IS FURTHER ORDERED that the Clerk of the Court shall enter judgment accordingly.

DATED this 15th day of February, 2017.

Paul G. Rosenblatt
United States District Judge